IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WALLACE | : | CIVIL ACTION |
| v. | : | |
| CHIMES INTERNATIONAL LIMITED, et al. | : | NO. 25-210 |

MEMORANDUM

Bartle, J.                                                       October 28, 2025

Plaintiff Ronald Wallace alleges that he suffered injuries from a slip and fall as a result of the negligence of defendants Chimes International Limited and Chimes District of Columbia, Inc. (hereinafter "Chimes") and three John Doe defendants. He originally filed this action in the Court of Common Pleas of Philadelphia County. The named defendants timely removed the action based on diversity of citizenship.

The court referred the matter to compulsory arbitration under Local Civil Rule 53.2. The arbitrators ruled in favor of the defendants. Plaintiff, now proceeding pro se, thereafter demanded a trial de novo in this court.[1] See Local Civil Rule 53.2(7). Before the court is the motion of Chimes

---

1. Wallace was originally represented. His lawyer filed a motion to withdraw after the arbitration. The court granted the motion on July 14, 2025. (Doc. # 20).

defendants for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[2]

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See id. at 252.  We view the facts and draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).  Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient;

---

2. Wallace has filed a response on procedural grounds but has not addressed the merits.  Even though he has not done so, the court must review the motion and determine whether summary judgment is warranted as a matter of law.  See Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).

there must be evidence on which the jury could reasonably find for [that party]."  Id.

Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are not in dispute or are viewed in the light most favorable to Wallace, the non-moving party.

In 2022, Wallace worked as a government employee at a defense logistics agency located at 700 Robbins Avenue in Philadelphia.  His hours were 6:00 a.m. to 4:30 p.m., four days a week.  According to Wallace's verified state court complaint,[3] the Chimes defendants "own and/or operate and/or manage and/or control and/or possess" the premises.

On December 14, 2022, he arrived at work at 6:00 a.m. At approximately 8:00 a.m., he went to the men's bathroom inside the facility and fell after using the urinal.  He suffered personal injuries as a result.

---

3. As noted, the action was originally filed in state court. Under Rule 1024 of the Pennsylvania Rules of Civil Procedure, plaintiffs must sign and verify their complaints.

-3-

He averred in his verified complaint that there was a wet and slippery substance inside the men's bathroom and that his fall was a result of coming into contact with that substance. Nonetheless, in his deposition he testified multiple times that the floor was not wet at the time of the fall. He believed that he slipped on a wet floor sign under the sink. He did not know who placed the sign in that location or how long the sign had been there.

### III

Pennsylvania law requires a plaintiff in a negligence suit to demonstrate "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Speaks v. United States, No. 23-487, 2024 WL 4882647, at *2 (E.D. Pa. Nov. 25, 2024) (citing Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006)).

In premises-liability actions, the duty of care owed to a person entering the land possessor's premises depends upon whether the person is a trespasser, licensee, or invitee. Caskey v. Outback Steakhouse of Fla., LLC, 24-897, 2025 WL 2698988, at *3 (E.D. Pa. Sept. 22, 2025) (citing Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)). It is undisputed that plaintiff was an invitee. Construing all facts in favor of Wallace, the Chimes defendants are land possessors, that is

-4-

owners or operators of 700 Robbins Avenue.  Premises intended for invitees are owed a "reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended."  Id. (citing Morris v. Gimbel Bros., Inc., 394 F.2d 143, 145 (3d Cir. 1968)).  In slip-and-fall cases such as this one, an invitee must prove either the defendant had a hand in creating a harmful condition or had actual or constructive notice of such a condition.  Pace v. Wal-Mart Stores E., LP, 337 F. Supp. 3d 513, 519 (E.D. Pa. 2018), aff'd, 799 F. App'x 127 (3d Cir. 2020).

Even assuming that the floor was wet or the sign was placed in a position creating a dangerous condition and that the defendants had control over the condition, Pennsylvania law requires that the plaintiff establish that the dangerous condition must have existed for a sufficient period of time to provide actual or constructive notice to defendants so as to create a duty of care.  McDowell v. Moran Foods, LLC, 680 F. App'x 72, 75 (3d Cir. 2017) (citing Lanni v. Pa. R.R. Co., 371 Pa. 106, 110, 88 A.2d 887, 889 (1952)); Moultrey v. Great A & P Tea Co., 281 Pa. Super. 525, 530, 422 A.2d 593, 596 (1980). There is no evidence in the record as to how long the condition existed.  Thus, there is no evidence demonstrating that defendants had actual or constructive notice so as to owe to

-6-

plaintiff a duty of care.  Wallace cannot meet his burden of proof.

Accordingly, the motion of the Chimes defendants for summary judgment will be granted.